GOVERNMENT
EXHIBIT
1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURTS OF THE COMMONWEALTH

HAMPDEN, ss

DISTRICT COURT DEPARTMENT
50 State Street
Springfield, MA 01103
Civil Action No.   09C1024

|  |  |
|---|---|
| PEOPLE'S UNITED BANK,<br>  d/b/a CHITTENDEN TRUST COMPANY<br><br>Plaintiff<br><br>v.<br><br>DOUGLAS N. McCLOUD,<br>  d/b/a MARMAC CONCRETE,<br>  d/b/a MARMAC SNOWPLOWING,<br>TOWN OF BUCKLAND,<br>GRANITE STATE INSURANCE<br>  COMPANY<br>BANK OF AMERICA,<br>FORD MOTOR CREDIT CO.,<br>RAGGED HILLS, INC.,<br>  d/b/a GRAVES CONCRETE<br>MASSACHUSETTS DEPARTMENT OF<br>  REVENUE, and<br>INTERNAL REVENUE SERVICE<br><br>Defendants | **COMPLAINT FOR INTERPLEADER** |

## INTRODUCTION

This is an action in interpleader brought pursuant to Mass. R. Civ. P. 22, M.G.L. c. 214 § 1 and M.G.L. c. 183 § 27 whereby the Plaintiff, PEOPLE'S UNITED BANK, d/b/a CHITTENDEN TRUST COMPANY, seeks to be discharged from its liabilities to the Defendants on account of any claims made to surplus funds in its hands or in its possession resulting from the foreclosure of certain property located at 29 Stone Road, Buckland, Massachusetts ("Property").

## PARTIES

1.      The Plaintiff, PEOPLE'S UNITED BANK, d/b/a CHITTENDEN TRUST COMPANY ("Chittenden") is a duly organized banking institution with a principal place of business at 850 Main Street, 11th Floor, Bridgeport, Connecticut.

2.      The Defendant, DOUGLAS N. McCLOUD, d/b/a MARMAC CONCRETE, d/b/a MARMAC SNOWPLOWING ("Defendant") is a individual with a mailing address of 28 Heath Stage Terrace, Shelburne Falls, Massachusetts.

3.      The Defendant, TOWN OF BUCKLAND is a governmental entity located in Franklin County, in the state of Massachusetts, and has a mailing address of 17 State Street, Buckland, Massachusetts.

4.      The Defendant, GRANITE STATE INSURANCE COMPANY is a principal stock company with its administrative offices at 70 Pine Street, New York, New York.

5.      The Defendant, BANK OF AMERICA, as successor by merger to FLEET NATIONAL BANK, is a national banking association organized under the laws of the United States with a mailing address of 100 North Tryon Street, Charlotte, North Carolina.

6.      The Defendant, FORD MOTOR CREDIT CO. is an automotive finance company and wholly owned subsidiary of Ford Motor Company, with a mailing address of P.O. Box 220555, Pittsburg, Pennsylvania.

7.      The Defendant, RAGGED HILLS, INC., d/b/a GRAVES CONCRETE is a Massachusetts corporation with a principal place of business at 147 Gardner Road, Templeton, Massachusetts.

8.  The Defendant, MASSACHUSETTS DEPARTMENT OF REVENUE is a governmental entity of the United States of America with a mailing address of P.O. Box 55484, Boston, Massachusetts.

9.  The Defendant, INTERNAL REVENUE SERVICE is a tax collection agency for the United States of America with a mailing address of Stop 20, P.O. Box 9112, Boston, Massachusetts.

## FACTS

10. On or about October 1, 1996, the Defendant, DOUGLAS N. McCLOUD, d/b/a MARMAC CONCRETE, d/b/a MARMAC SNOWPLOWING (hereinafter "McCloud"), granted a mortgage ("Mortgage") to United Bank covering the premises located at 29 Stone Road, Buckland, Massachusetts ("Property").

11. The Mortgage was recorded with the Franklin County Registry of Deeds at Book 3155, Page 166.

12. The Mortgage secures an Adjustable Rate Note ("Note") given by the McCloud to United Bank in the original principal amount of $88,000.00.

13. On or about September 8, 1999, United Bank merged with The Bank of Western Massachusetts ("BWM"). On or about December 11, 2003, BWM assigned its right, title and interest in the Mortgage and Note to Chittenden. A copy of the Assignment of Mortgage is attached hereto and marked as Exhibit "A".

14. McCloud subsequently defaulted on his obligations due and owing to Chittenden, and in accordance with the terms and conditions of the Mortgage, and the Statutory Power of Sale contained therein, Chittenden foreclosed the Mortgage.

15. On or about July 8, 2004, Chittenden executed a foreclosure deed granting the Property to Paul Viens for $113,000. The foreclosure deed was recorded on October 28, 2004 with the Franklin County Registry of Deeds at Book 4727, Page 136.

16. Chittenden submits that after satisfaction of McCloud's total indebtedness to Chittenden, including the costs and expenses of the Mortgage foreclosure sale, there remains in the hands of Jonathan R. Goldsmith, Esq., as counsel for Chittenden, the sum of $16,508.15 ("Surplus Funds").

17. Chittenden does not have or claim any right, title, interest in or to such Surplus Funds other than Chittenden's reasonable attorneys' fees and costs incurred in connection with the filing and prosecution of this interpleader action.

18. The Property was also subject to the following encumbrances:

   a) Massachusetts State Tax Lien in the sum of Nine Thousand Six Hundred Twenty and 09/100 ($9,620.09) Dollars, recorded on May 27, 1998 with the Franklin County Registry of Deeds at Book 3348, Page 231;

   b) Massachusetts State Tax Lien in the sum of Two Thousand Four Hundred Twenty-Eight and 63/100 ($2,428.63) Dollars, recorded on April 20, 1999 with the Franklin County Registry of Deeds at Book 3485, Page 91;

   c) Massachusetts State Tax Lien in the sum of Twenty-One Thousand Seven Hundred Seventy-Seven and 66/100 ($21,777.66) Dollars, recorded on August 2, 1999 with the Franklin County Registry of Deeds at Book 3528, Page 304;

   d) Massachusetts State Tax Lien in the sum of Twelve Thousand Two Hundred Fifty-Six and 71/100 ($12,256.71) Dollars, recorded on

December 30, 1999 with the Franklin County Registry of Deeds at Book 3582, Page 325;

e) Federal Tax Lien dated in the sum of Twenty-Two Thousand Eight Hundred Ninety-Eight and 47/100 ($22,898.47) Dollars, recorded on July 31, 2000 with the Franklin County Registry of Deeds at Book 3657, Page 316;

f) Massachusetts State Tax Lien in the sum of One Thousand Five Hundred Fifty-Eight and 43/100 ($1,558.43) Dollars, recorded on August 3, 2000 with the Franklin County Registry of Deeds at Book 3660, Page 112;

g) Execution against the property of McCloud in favor of GRANITE STATE INSURANCE COMPANY for the sum of Two Thousand Three Hundred Ninety-Four and 20/100 ($2,394.20) Dollars, recorded on June 27, 2001 with the Franklin County Registry of Deeds at Book 3797, Page 344;

h) Federal Tax Lien in the sum of Nine Thousand Two Hundred Twenty-Six and 73/100 ($9,226.73) Dollars, recorded on June 12, 2002 with the Franklin County Registry of Deeds at Book 4021, Page 173;

i) Attachment against the property of McCloud in favor of FLEET NATIONAL BANK for the sum of Sixty-Two Thousand and no/100 ($62,000.00) Dollars, recorded on December 24, 2002 with the Franklin County Registry of Deeds at Book 4160, Page 291;

j) Massachusetts State Tax Lien in the sum of Seven Thousand Five Hundred Thirty-Two and 82/100 ($7,532.82) Dollars, recorded on January 7, 2003 with the Franklin County Registry of Deeds at Book 4170, Page 182;

k)  Massachusetts State Tax Lien in the sum of Fifteen Thousand Three Hundred Eighty-Nine and 86/100 ($15,389.86) Dollars, recorded on August 12, 2003 with the Franklin County Registry of Deeds at Book 4371, Page 231;

l)  Execution against the property of McCloud in favor of FORD MOTOR CREDIT CO. for the sum of Six Thousand Nine Hundred and 32/100 ($6,900.32) Dollars, recorded on August 28, 2003 with the Franklin County Registry of Deeds at Book 4391, Page 38;

m)  Attachment against the property of McCloud in favor of RAGGED HILLS, INC., d/b/a GRAVES CONCRETE for the sum of Five Thousand Three Hundred Eighty-One and 30/100 ($5,381.30) Dollars, recorded on March 25, 2004 with the Franklin County Registry of Deeds at Book 4554, Page 81;

n)  Massachusetts State Tax Lien in the sum of Seven Thousand Eight Hundred Seventy-Three and 08/100 ($7,873.08) Dollars, recorded on July 1, 2004 with the Franklin County Registry of Deeds at Book 4639, Page 86;

o)  Municipal Lien Certificate filed by the Town of Buckland, Massachusetts in the sum of One Thousand Three Hundred Forty-Four and 73/100 ($1,344.73) Dollars, recorded on October 28, 2004 with the Franklin County Registry of Deeds at Book 4727, Page 134;

p)  Municipal Lien Certificate filed by the Town of Buckland, Massachusetts in the sum of One Thousand Two Hundred Ninety-Six and 31/100 ($1,296.31) Dollars, recorded on October 29, 2004 with the Franklin County Registry of Deeds at Book 4727, Page 284; and

q)    Massachusetts State Tax Lien in the sum of One Thousand Seventy-Eight and 59/100 ($1,078.59) Dollars, recorded on November 18, 2004 with the Franklin County Registry of Deeds at Book 4742, Page 156.[1]

19.   Accordingly, Chittenden is unsure of who may hold a claim of interest in the Surplus Funds; therefore, Chittenden requests this Court to make a determination of who has a right to said Surplus Funds.

WHEREFORE, the Plaintiff, CHITTENDEN TRUST, d/b/a MORTGAGE SERVICE CENTER, prays:

(i)    that the Defendants be required to interplead to determine any right, title or interest to the Surplus Funds;

(ii)   that this Court enter an Order determining who is entitled to the Surplus Funds;

(iii)  that the Plaintiff be awarded its reasonable attorneys' fees and costs incurred in connection with this interpleader action;

(iv)   that each of the Defendants be restrained from instituting any action against the Plaintiff for the recovery of any portion of the Surplus Funds;

(v)    that this Court discharge the Plaintiff from all liability to any of the Defendants except to such Defendant(s) that it shall adjudge entitled to the Surplus Funds; and

(vi)   for such other relief as this Court deems just and proper.

PEOPLE'S UNITED BANK,
d/b/a CHITTENDEN TRUST COMPANY

Dated: March 26, 2009

By: _____
JONATHAN R. GOLDSMITH, ESQ.
(BBO No. 548285)
1350 Main Street, Suite 1505
Springfield, MA 01103
Tel. (413) 747-0700
Fax (413) 747-0414

---

[1] Tax Lien assessed against Douglas N. McCloud on May 15, 2004 for the period ending no later than November 30, 2003, prior to the execution of the foreclosure deed on July 8, 2004.

# EXHIBIT A

## ASSIGNMENT OF MORTGAGE

KNOW ALL PERSONS BY THESE PRESENTS that **THE BANK OF WESTERN MASSACHUSETTS**, a banking corporation, with a place of business at 1391 Main Street, Springfield, Hampden County, Massachusetts, successor in interest to United Savings Bank ("Assignor"), in consideration of One Dollar ($1.00), and other valuable consideration paid to its satisfaction by CHITTENDEN TRUST COMPANY D/B/A MORTGAGE SERVICE CENTER, TWO BURLINGTON SQUARE, BURLINGTON, VERMONT 05401, a Vermont banking corporation, with a place of business in Burlington, Chittenden County, State of Vermont ("Assignee"), does hereby assign, transfer, and convey unto the said CHITTENDEN TRUST COMPANY D/B/A MORTGAGE SERVICE CENTER, all of its right, title and interest in and to a certain mortgage from Douglas N. McCloud dated October 1, 1996, and recorded with the Franklin County Registry of Deeds at Book 3155, Page 166.

To have and to hold the same unto the said CHITTENDEN TRUST COMPANY D/B/A MORTGAGE SERVICE CENTER and/or its successors and assigns, forever.

IN WITNESS WHEREOF, **THE BANK OF WESTERN MASSACHUSETTS**, successor in interest to United Savings Bank, has caused this instrument to be executed, as a sealed instrument, this _10th_ day of December, 2003.

_Laura Bonfitto_　　　　　　　　　　THE BANK OF WESTERN MASSACHUSETTS
Witness　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　its Duly Authorized Agent

COMMONWEALTH OF MASSACHUSETTS
HAMPDEN COUNTY, SS.

Then personally appeared the above named _Kevin M. Bowler_, _Vice President_ of THE BANK OF WESTERN MASSACHUSETTS and acknowledged the above instrument to be _his_ and its free act and deed before me this _11th_ of December, 2003.

_____
Notary Public　　　　　　　PATRICIA K. BELLIVEAU
My Commission Expires:　　My Commission Expires
　　　　　　　　　　　　　　June 2, 2006